UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN FRANK | CIVIL ACTION NO. |
| VERSUS | 24-376-EWD |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY | *CONSENT* |

**RULING AND ORDER**

Before the Court is the Motion for Attorney's Fees (the "Motion"),[1] filed by John Frank ("Plaintiff"). Martin O'Malley, Commissioner of Social Security ("the Commissioner"), filed a Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act.[2] Plaintiff was the prevailing party in this matter, however, because the Motion lacks support for the hourly rate sought, it will granted in part. Plaintiff will be awarded a fee of $1,750, which reflects an hourly attorney fee rate of $175.00, the prevailing rate that has previously been approved in this Court.

**I.    BACKGROUND**

In this case, Plaintiff appealed the Commissioner's denial of his social security disability benefits.  Plaintiff filed a Memorandum in Support of Appeal on August 14, 2024.[3] On September 4, 2024, the Commissioner filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g).[4]  The Court granted the Commissioner's Motion to Remand and issued a Judgment on September 6, 2024.[5] On October 4,

---

[1] R. Doc. 19.

[2] R. Doc. 20.

[3] R. Doc. 14.

[4] R. Doc. 16.

[5] R. Doc. 17.

2024, Plaintiff filed the Motion, seeking compensation for 10.0 hours of attorney's fees at an hourly rate of $220.00.[6]

The Commissioner does not dispute that Plaintiff is entitled to a fee award. Instead, the Commissioner argues that the cost of living adjustment sought by Plaintiff, setting an hourly rate of $220, is excessive given the recent cases awarding fees in this district at a rate of $175 per hour.[7]

## II. LAW AND ANALYSIS

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[8] Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[9] Plaintiff seeks an award of fees in the amount of $2,200.00 (10.0 attorney hours at an hourly rate of $220).[10] The Commissioner disputes only the hourly rate that should be paid.

### A. Plaintiff's Request for Attorney Fees Will Be Granted in Part

Under the EAJA, "a court cannot award a fee exceeding $125 per hour unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee."[11] In *Baker v. Bowen*, the Fifth Circuit held that the statute and the underlying Congressional intent "clearly allows an adjustment for changes in the cost of living," but "does not absolutely *require*

---

[6] R. Doc. 19.

[7] R. Doc. 20.

[8] 28 U.S.C. § 2412.

[9] 28 U.S.C. § 2412(d)(1)(A).

[10] R. Doc. 19-1, p. 6.

[11] 28 U.S.C. § 2412(d)(2)(A)(ii).

it."[12] As noted in this court's decision in *Gann*, while it is in the court's discretion to make an adjustment to the EAJA cap, when a locale has experienced a significant increase in the cost of living, the Court "should increase the hourly rate beyond the nominal statutory cap."[13] This Court last approved an hourly rate of $175.00 for attorney's fees in social security appeals.[14]

Here, Plaintiff is requesting $220 per hour, instead of $175.00, due to rises in the cost of living, increases in billing practices by New Orleans attorneys, raises by other courts within the Fifth Circuit, and counsel's status in his firm as an equity partner and specialization in social security law.[15] Conversely, the Commissioner argues that the cost of living adjustment is unreasonable given recent cases in this district.[16]

In support of his argument for an hourly rate increase, Plaintiff points to the fact that the EAJA rate of $125/hour for civil cases was set in March 1996 when the consumer price index (CPI-U)[17] was 155.7 across all U.S. cities on average. Plaintiff then reasons that, because the CPI-U index in September 2022 was 278.30 for the U.S. Southwest city average, the $125/hour EAJA rate should be multiplied by 1.78 (278.30/155.70), which results in an adjusted hourly EAJA attorney fee rate of $222.50. There are a couple of problems with this analysis.

First, Plaintiff's proposed analysis does not seem to compare apples-to-apples. While Plaintiff looks at the CPI-U across all U.S. cities on average when looking at March 1996 when

---

[12] *See Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *2 (M.D. La. Jan 1, 2017) (approving an increase in the hourly rate to $175.00 per hour for work performed from 2014 forward) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (emphasis in *Baker*).

[13] *Id*.

[14] *Id*.

[15] R. Doc. 19-1, p. 4-5.

[16] R. Doc. 20.

[17] Per the U.S. Bureau of Labor Statistics, the CPI-U is "a measure of the average change over time in the prices paid by urban consumers for a market basket of consumer goods and services." U.S. Bureau of Labor Statistics, Consumer Price Index, https://www.bls.gov/cpi.

3

the EAJA rate was set in March 1996, he only looks at the U.S. Southwest city average when looking at the CPI-U index for September 2022. Additionally, in *Perales v. Casillas*, the Fifth Circuit noted that cost of living adjustments to EAJA fees must be made to reflect the appropriate year in which the services were rendered.[18] Here, the services were rendered in May and August of 2024, not in September 2022, the time period for which Plaintiff provides information.[19]

Historically, this Court compared the South's CPI-U rate for March 1996 (the month and year in which the $125 EAJA rate became effective) and the South's CPI-U rate for the year in which the work was performed (here, 2024). In March 1996, the CPI-U rate for the average Southern city was 152.4, while the CPI-U rate for all of 2024 was calculated at 305.187.[20] That is a 100.2% increase in the CPI-U rate for Southern consumers. However, from 1996 to 2024, this Court also increased the award for attorney's fees under the EAJA. Specifically, in 2017, in its decision in *Gann v. Colvin*, this Court raised the EAJA rate from $150.00 to $175.00.[21] This raise in the EAJA rate was considered by comparing the CPI-U rates from March 1996 (*i.e.*, 152.4) to the CPI-U applicable to the years that the work was performed in the *Gann* case, which was 230.552 in 2014 and 232.692 in 2016.[22] The Court considered both CPI-U rates, and found that the percentage increases in the CPI-U (51-52% in 2014 and 54.9% in 2016) were significant enough to justify a raise to the EAJA rate. In contrast, there has only been a 31% increase in the CPI-U since the last EAJA attorney fee increase in 2016 (*compare* CPI-U of 232.692 with the

---

[18] 950 F.2d 1066, 1076 (5th Cir. 1992).

[19] R. Doc 19-1, p. 3.

[20] https://data.bls.gov/pdq/SurveyOutputServlet (last visited 4/25/2025).

[21] *Gann*, 2017 WL 385038, at *2.

[22] *Id*.

2024 rate of 305.187. A 31% increase in the cost of living as reflected in the CPI-U is not significant enough increase to justify another increase in the EAJA attorney fee rate at this time.[23]

While Plaintiff did cite to some other cases where attorney's fees under the EAJA were awarded at higher rates in other districts, those decisions are merely persuasive and have no binding effect on this Court. Outside of noting recent increases in billing practices for attorneys and law firms in New Orleans and pointing out counsel's experience practicing Social Security law, Plaintiff provides nothing else to support an increase in EAJA attorney's fees.[24] Furthermore, in his Response to the Motion, the Commissioner cites several cases from this Court awarding EAJA fees at $175 per hour (or less) in social security appeals. Plaintiff does not cite to any case from this Court awarding a higher EAJA fee in a case involving a social security appeal.[25]

Plaintiff has not established entitlement to an increased EAJA fee at an hourly rate of $220.00. Accordingly, the Court grants Plaintiff's request for attorney fees in part, awarding Plaintiff fees based on 10 hours, at the hourly rate of $175.00, for a total award of $1,750.00 pursuant to the EAJA.

---

[23] As noted in *Gann*, "The court does not have to expressly track the cost-of-living index for this area, however, and so the court finds that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981." (citing *Hamblen v. Colvin*, 14 F.Supp.3d 801, 805 (N.D. Tex. April 17, 2014) ("The award need not track the cost-of-living index for that geographical area, but that index is a significant indicator. The resulting figure is only a maximum rate, however, not a floor, and 'a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case.'") (Citations omitted).).

[24] R. Doc 19-1, p. 5.

[25] R. Doc. 20, pp. 1-2. The Fifth Circuit has noted the importance of maintaining uniformity within districts when calculating fee adjustments under the EAJA. *See e.g., Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995) (stating that "the cost-of-living" factor should be applied by the district courts and "invit[ing] the district judges of the Eastern District of Louisiana to address any lack of uniformity with a view toward developing the required uniformity.").

### B. The Award of Fees Shall be Paid Directly to Plaintiff

The United States Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's attorney.[26] Accordingly, the award of attorney fees in this case is to be made payable directly to Plaintiff John Frank and is to be mailed to Plaintiff's counsel.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Motion for Attorney's Fees,[27] filed by Plaintiff John Frank, is **GRANTED IN PART.** Plaintiff will be awarded attorney's fees of $1,750.00, based on 10 hours, at the rate of $175 per hour, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

The Commissioner is **ORDERED** to remit to Plaintiff's counsel a check made payable to "John Frank" for attorney fees in the amount of $1,750.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the United States of America. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth in this Ruling and Order.

Signed in Baton Rouge, Louisiana, April 25, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *Astrue v. Ratliff*, 560 U.S. 586 (2010).

[27] R. Doc. 19.